Ronald BUZZARD, Jr., Plaintiff–
Appellant,

v.

ISRB, Indeterminate Sentencing Review
Board a/k/a CCR–Community Correc-
tions Board or Parole Board; et al.,
Defendants–Appellees.

No. 15–35667

United States Court of Appeals,
Ninth Circuit.

Submitted August 16, 2016 *

FILED August 25, 2016

Ronald Buzzard, Jr., Pro Se.

John Joseph Samson, Assistant Attor-
ney General, Attorney General's Office,
Corrections Division, Olympia, WA, for
Defendants–Appellees.

Before: O'SCANNLAIN, LEAVY, and
CLIFTON, Circuit Judges.

MEMORANDUM **

Ronald Buzzard, Jr., a Washington state
prisoner, appeals pro se from the district
court's judgment dismissing his 42 U.S.C.
§ 1983 action alleging that the Washington
Indeterminate Sentence Review Board vio-
lated his rights under the *Ex Post Facto*
Clause of the U.S. Constitution. We have
jurisdiction under 28 U.S.C. § 1291. We
review de novo. *ReadyLink Healthcare,
Inc. v. State Comp. Ins. Fund*, 754 F.3d
754, 758 (9th Cir. 2014). We affirm.

The district court properly dismissed
Buzzard's action as barred under *Younger
v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27
L.Ed.2d 669 (1971), because federal courts
are required to abstain from interfering
with pending state court proceedings
where "the federal action would have the
practical effect of enjoining the state pro-
ceedings." *ReadyLink*, 754 F.3d at 759
(setting forth requirements for *Younger*
abstention in civil cases, and explaining
that "the date for determining whether
*Younger* applies is the date the federal
action is filed" (citation and internal quota-
tion marks omitted)). In light of this dispo-
sition, we do not consider the merits of
Buzzard's claim.

The district court did not abuse its dis-
cretion in denying Buzzard's motion to
amend the complaint to add a claim for
retaliation because Buzzard sought to add
a new and distinct cause of action. *See
Planned Parenthood of S. Ariz. v. Neely*,
130 F.3d 400, 402 (9th Cir.1997) (setting
forth standard of review and explaining
that leave to permit supplemental pleading
"cannot be used to introduce a separate,
distinct and new cause of action" (citation
and internal quotation marks omitted)).

We do not consider issues or arguments
not specifically and distinctly raised and
argued in the opening brief. *See Padgett v.
Wright*, 587 F.3d 983, 985 n.2 (9th Cir.
2009) (per curiam).

Buzzard's request to add William Keis-
ling as an appellant, set forth in the reply
brief, is denied. *See C.E. Pope Equity
Trust v. United States*, 818 F.2d 696, 697
(9th Cir. 1987) ("Although a non-attorney
may appear in propria persona in his own
behalf ... He has no authority to appear

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by Ninth Circuit Rule 36–3.

as an attorney for others than himself." (internal citation omitted)).

We treat Buzzard's August 28, 2015 filing as requesting the production of transcripts at government expense and the appointment of counsel (Docket Entry No. 4) and deny those requests.

Appellees' request for judicial notice (Docket Entry No. 11) is granted.

**AFFIRMED.**

Before: O'SCANNLAIN, LEAVY and CLIFTON, Circuit Judges.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.